FILED

2021 AUG 18 PM 1:28

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-279-MSS-TGW

18 U.S.C. § 1344
KATERI TRUJILLO DORTICOS  18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH FOUR
(Bank Fraud)

**A.   Introduction**

At times material to this Indictment:

1. The defendant, Kateri Trujillo Dorticos ("DORTICOS"), was a resident of the Middle District of Florida.

2. DORTICOS maintained an account at Bank 1.

3. Bank 1, Bank 2, Bank 3, and Bank 4 were all financial institutions, the deposits and accounts of which were insured by the Federal Deposit Insurance Corporation. All four financial institutions maintained branches and automatic teller machines throughout the United States, including in the Middle District of Florida.

4. A "means of identification," was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or

government issued driver's license or identification number, any unique electronic identification number, address or routing code, or any access device.

5. The term "access device" included any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that could be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that could be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

### B. The Scheme and Artifice

6. From an unknown date, but at least as early as in or around July 2016, and continuing through in or around July 2018, in the Middle District of Florida, and elsewhere, the defendant,

KATERI TRUJILLO DORTICOS,

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud financial institutions, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

7. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

      a.    It was part of the scheme and artifice that DORTICOS would and did obtain checks that had been placed in the United States Mail in the Middle District of Florida by individuals who maintained accounts at various banks (collectively "victim account holders"), including at Bank 2, Bank 3, and Bank 4. The victim account holders had typically mailed their personal and/or corporate checks to others to pay for items, services, and other financial obligations, such as for rent.

      b.    It was further part of the scheme and artifice that DORTICOS or another scheme participant would and did fraudulently alter the victim account holders' checks to remove the original intended payee and to substitute DORTICOS as the payee.

      c.    It was further part of the scheme and artifice that, once the checks had been fraudulently altered to list DORTICOS as the payee, DORTICOS would and did deposit the checks into her Bank 1 account without the original victim account holders' knowledge or authorization, causing the victim account holders' funds to be transferred into DORTICOS's account.

      d.    It was further part of the scheme and artifice that DORTICOS would and did withdraw the fraud proceeds from her Bank 1 account.

      e.    It was a further part of the scheme and artifice that DORTICOS would and did perform acts and make statements to further the scheme and to hide and conceal the scheme.

### D. Execution of the Scheme and Artifice

8. On or about the date listed below in each count, in the Middle District of Florida and elsewhere, the defendant,

KATERI TRUJILLO DORTICOS,

knowingly and intentionally executed, and attempted to execute, the aforesaid scheme and artifice by depositing a fraudulently altered check into DORTICOS's account at Bank 1, as detailed below:

| COUNT | DATE | UNAUTHORIZED DEPOSIT |
|---|---|---|
| ONE | 8-26-2016 | $800 check drafted against victim account holder D.F.'s Bank 3 account (ending in -155); fraudulently made payable to DORTICOS and deposited into Bank 1 account (ending in -299) |
| TWO | 9-6-2016 | $900 check drafted against victim account holder A.M.'s Bank 2 account (ending in -516); fraudulently made payable to DORTICOS and deposited into Bank 1 account (ending in -299) |
| THREE | 9-8-2016 | $650 check drafted against victim account holder R.D.'s Bank 4 account (ending in -176); fraudulently made payable to DORTICOS and deposited into Bank 1 account (ending in -299) |
| FOUR | 9-8-2016 | $765 check drafted against victim account holder C.D.'s Bank 4 account (ending in -797); fraudulently made payable to DORTICOS and deposited into Bank 1 account (ending in -299) |

All in violation of 18 U.S.C. § 1344.

## COUNT FIVE
### (Aggravated Identity Theft)

1. The allegations contained in paragraphs 1 through 7 of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about August 26, 2016, in the Middle District of Florida and elsewhere, the defendant,

KATERI TRUJILLO DORTICOS,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and Bank 3 account number of D.F., during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT SIX
### (Aggravated Identity Theft)

1. The allegations contained in paragraphs 1 through 7 of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about September 6, 2016, in the Middle District of Florida and elsewhere, the defendant,

KATERI TRUJILLO DORTICOS

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and Bank 2 account number of A.M., during and in relation to the felony offense of bank fraud, in violation of 18

U.S.C. § 1344, as Charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT SEVEN
### (Aggravated Identity Theft)

1. The allegations contained in paragraphs 1 through 7 of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about September 8, 2016, in the Middle District of Florida and elsewhere, the defendant,

### KATERI TRUJILLO DORTICOS

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and Bank 4 account number of R.D., during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as Charged in Count Three of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT EIGHT
### (Aggravated Identity Theft)

1. The allegations contained in paragraphs 1 through 7 of Counts One through Four of this Indictment incorporated by reference as if fully set forth herein.

2. On or about September 8, 2016, in the Middle District of Florida and elsewhere, the defendant,

6

KATERI TRUJILLO DORTICOS

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and Bank 4 account number of C.D., during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. § 1344, as Charged in Count Four of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## **FORFEITURES**

1. The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A).

2. Upon conviction of the violations alleged in Counts One through Four of this Indictment, the defendant,

KATERI TRUJILLO DORTICOS,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(A), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $3,115.00, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Two, Three and Four.

4. If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
Maria Guzman
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### KATERI TRUJILLO DORTICOS

## INDICTMENT

Violations: 18 U.S.C. §§ 1344 and 1028A

A true bill,

_____
Foreperson

Filed in open court this 18th day

of August, 2021.

_____
Clerk

Bail $_____

GPO 863 525